FILED
MAY 12 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GRACIELA SERENO-MORALES,

           Plaintiff,

v.

CASCADE FOOD INCORPORATED,

           Defendant.

Civ. No. 09-1157-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff Graciela Sereno-Morales ("Sereno-Morales") alleges claims of gender-based discrimination and retaliation against Defendant Cascade Food Incorporated ("Cascade Food"). These claims arise, specifically, under Oregon Revised Statutes 659A.030(1)(a)-(b) and (f). Cascade

Food moves for summary judgment on both claims. For the reasons stated, this motion is denied as to the discrimination claim and granted as to the retaliation claim.

As a preliminary matter, the court notes that the deposition excerpts submitted by both parties are not properly authenticated as they lack a court reporter's certification. "A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent." *Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir. 2002) (citing FED. R. EV. 901(b) and FED. R. CIV. P. 56(e), 30(f)(1)). An attorney's declaration alone is insufficient to authenticate a deposition extract. *Id.*

This court has addressed this issue at length in prior opinions and adheres to *Orr*'s authentication guidelines. *See Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1051 (D. Or. 2010) (citing *Orr* for the proposition that "[d]eposition excerpts submitted without the court reporter's signed certification are properly excluded at the summary judgment stage" and striking several of both parties' deposition excerpts); *see Automobile Ins. Co. of Hartford, Connecticut v. Abel*, 2010 WL 2643412, at *3-4 (D. Or. June 30, 2010) (striking both parties' deposition excerpts as they lacked "the court reporter's certification that the deposition is a true record of the testimony of the deponent."); *see Kesey, LLC v. Francis*, 2009 WL 909530, at *1-3 (D. Or. Apr. 3, 2009) (surveying the application of *Orr* by judges in this district and concluding that they substantially "applied and enforced the authentication requirements set forth therein.").

The court may only rely on admissible evidence in ruling on a motion for summary judgment and, accordingly, all deposition excerpts are stricken from the record. The court thus bases its ruling on those other exhibits that meet the authentication requirements, and the factual allegations found

in the Complaint and Cascade Food's Concise Statement of Material Facts, to the extent that the parties have manifested agreement to said allegations.

*Factual Background*

Sereno-Morales and her former boyfriend, Ismael Solis ("Solis"), were both employed by Cascade Food throughout 2006 and 2007. In January 2008, Sereno-Morales and Solis had a violent altercation off work premises. As a result of this altercation, Sereno-Morales obtained a restraining order against Solis. The restraining order prohibited Solis from entering Cascade Food, the location of their mutual employment. The restraining order stated that Sereno-Morales had been both physically and sexually abused by Solis.

Sereno-Morales returned to work the same day and gave a copy of the restraining order to Wayne Sparks ("Sparks"), a supervisor at Cascade Food. Sparks did not read the restraining order at the time, but indicated that he would see Sereno-Morales the following day. The next day, Sparks called Sereno-Morales into his office for a meeting. Ruben Solis, another employee, was also present and acted as a translator for Sereno-Morales, who speaks only limited English. Sereno-Morales was told that, due to the restraining order, she and Solis could not work at Cascade Food simultaneously and Sereno-Morales understood that if she did not withdraw the restraining order, she would lose her job with Cascade Food.

Sereno-Morales later returned to Cascade Food with a friend to clarify what was said in the earlier meeting. She was concerned that Ruben Solis's translation was not accurate.[1] Sparks informed the friend that Sereno-Morales's understanding of their prior conversation was correct and

---

[1] It is not clear from the record whether Ruben Solis is a relative of Ismael Solis, but the implication is that Ruben Solis was been biased in favor of Ismael Solis.

that in light of the restraining order she could not continue to work at Cascade Food.

*Legal Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (2011). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Thus, summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of North America*, 638 F.2d 136, 140 (9th Cir. 1981).

However, deference to the nonmoving party has limits. The nonmoving party must set forth

"specific facts showing a *genuine* issue for trial." FED. R. CIV. P. 56(e) (2008) (emphasis added). The "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted).

*Discussion*

Both of Sereno-Morales's claims arise under Oregon law and the court in its discretion previously elected to exercise supplemental jurisdiction over those claims. The Ninth Circuit has held that employment discrimination claims brought under Oregon Revised Statutes ("ORS") 659A.030 are subject to the same analysis as those brought under federal laws and, thus, the burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1994), applies to these claims. *See Dawson v. Entek International*, 630 F.3d 928, 935 (9th Cir. 2011) (holding that *McDonnell Douglas* applies even where the district court's jurisdiction is supplemental). Sereno-Morales's discrimination and retaliation claims are addressed in turn.

I.   Gender Discrimination

Oregon law prohibits discrimination in employment on the basis of sex or gender. ORS 659A.030 states that an employer may not "refuse to hire or employ the individual or to bar or discharge the individual from employment[,]" on the basis of an individual's sex. OR. REV. STAT. 659A.030(a) (2009). It also provides that an employer may not "discriminate against the individual in compensation or in terms, conditions or privileges of employment." OR. REV. STAT. 659A.030(b) (2009).

"To establish a prima facie case, a plaintiff must offer evidence that 'give[s] rise to an inference of unlawful discrimination.'" *Williams v. Federal Express Corp.*, 211 F. Supp. 2d 1257, 1261-62 (9th Cir. 2002) (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). Notably, "[e]stablishing a prima facie case in response to a motion for summary judgment requires only 'minimal' proof and 'does not even need to rise to the level of a preponderance of the evidence.'" *Aldridge v. Yamhill County*, CV. 05-1257-PK, 2006 WL 1788178, at *6 (D. Or. June 23, 2006) (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)). This may be accomplished via direct evidence or pursuant to the burden-shifting analysis set forth in *McDonnell Douglas*. *Williams*, 211 F. Supp. 2d, at 1262.

Under *McDonnell Douglas*, the plaintiff must first "show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis Board of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000) (citations omitted). Once the plaintiff meets the prima facie burden, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the challenged action." *Id.* at 1123-1124. Then, if this is achieved, the burden reverts to the plaintiff who must then "show that the articulated reason is pretextual either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.*

    A.    *Prima Facie*

Cascade Food argues that Sereno-Morales cannot meet her prima facie burden because she and Solis were not similarly situated. Cascade Food asserts that Solis was a more skilled and

valuable employee to Cascade Food and, in light of this, Sereno-Morales cannot show that Cascade Food's decision to retain Solis was based on gender.

Sereno-Morales responds that she and Solis were in fact similarly situated. She argues that all Cascade Food employees were capable of performing all tasks on the production floor, that she and Solis had both worked for Cascade Food for a period of years, and that Cascade Food's attempt to characterize her as a seasonal employee is not supported by the record evidence. According to Sereno-Morales, Cascade Food did not argue that Solis was more qualified in its statements to the Equal Employment Opportunity Commission. Furthermore, she argues that she and Solis could have maintained employment with Cascade Food with appropriate assignments and scheduling. Sereno-Morales also rebuts Cascade Food's argument that she voluntarily left its employ. Rather, Sereno-Morales argues that she began to look for other work only because she was terminated by Cascade Food and needed to support her family.

It is not disputed that Sereno-Morales was a member of a protected class, was qualified for her position, or suffered an adverse employment action. It is also not disputed that Sereno-Morales was treated differently than Solis. Thus, Sereno-Morales's prima facie case hinges on whether she and Solis were similarly situated. The record reveals that Sereno-Morales and Solis were both employees at Cascade Food and, to that extent, were similarly situated. Based on the limited evidentiary record before it and drawing inferences in Sereno-Morales's favor, the court concludes that there is a genuine issue of material fact as to whether Sereno-Morales and Solis were similarly situated in their capacity as employees of Cascade Food.

    B.    *Legitimate, Nondiscriminatory Reason and Pretext*

The burden having shifted to Cascade Food to establish a legitimate, nondiscriminatory

reason for the challenged action, Cascade Food states that any preferential treatment of Solis was based on skill, not gender, but does not provide additional evidence in support of this contention. This is, in essence, a reassertion that Sereno-Morales and Solis were not similarly situated and that Sereno-Morales has failed to meet her prima facie burden. Again, there is no evidence that Solis was retained because of a superior skill level or on any other non-discriminatory basis. Cascade Food has failed to present a legitimate, nondiscriminatory reason for the challenged action.

Sereno-Morales further argues that Cascade Food's argument, that Solis was uniquely qualified, was not raised at the administrative level and is thus of recent vintage. This argument is not addressed by Cascade Foods, nor is it substantiated by the record evidence, and it does not weigh in favor of either party in this analysis.

Again, based on the limited evidentiary record, there are genuine issues of material fact as to whether Sereno-Morales was subjected to discrimination based on gender[2] and Cascade Food's motion for summary judgment on this claim is denied.

## II. Retaliation

Oregon law also prohibits retaliation in employment against a person who has opposed or

---

[2] The court notes that this case bears certain hallmarks of a Title VII claim arising from "gender stereotyping." In *Nichols v. Azteca Restaurant Enterprises, Inc.*, 256 F.3d 864 (9th Cir. 2001), the Ninth Circuit held that discrimination based on a plaintiff's failure to conform to traditional gender stereotypes amounted to discrimination based on gender that was actionable under Title VII. In *Nichols*, the plaintiff was discriminated against on the ground that he was insufficiently masculine, and this discrimination took the form of sexual harassment. The court wrote: "At its essence, the systematic abuse directed at Sanchez reflected a belief that Sanchez did not act as a man should act. . . . We conclude that this verbal abuse was closely linked to gender." *Id.* at 874. Here, the evidence suggests that Cascade Food's alleged discrimination against Sereno-Morales could have been motivated by her failure to conform to gender stereotypes, both in that Cascade Food did not take the allegations of rape seriously as Sereno-Morales and Solis were in a relationship, and in that Sereno-Morales's employment was less important than Solis's employment, because she is a woman.

complained of unlawful discrimination. It is unlawful "to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so." OR. REV. STAT. 659A.030(f) (2009).

To establish a prima facie case of retaliation under ORS 659A.030, "a plaintiff must demonstrate that (1) he engaged in a statutorily protected activity; (2) he was subjected to an adverse employment action; and (3) the plaintiff's statutorily protected activity was a substantial factor in the employer's adverse employment decision." *Ventura v. Johnson Controls, Inc.*, CV 08-1318-PK, 2010 WL 3767882, at *10 (D. Or. Sept. 16, 2010) (citations omitted). As with the previous claim, the burden shifts to the defendant to establish a legitimate and non-discriminatory reason for the adverse action and, if met, shifts back to the plaintiff to show that the proffered reason is pretextual. *Id.* As for causation, "'[t]o be a substantial factor, the employer's wrongful purpose must have been a factor that made a difference' in the decision to take the adverse action." *Bahri v. Home Depot USA, Inc.*, 242 F. Supp. 2d 922, 953 (D. Or. 2002) (citing *Estes v. Lewis and Clark College*, 152 Or. App. 372, 381, 954 P.2d 792, 796 (1992)).

Cascade Food argues that Sereno-Morales cannot meet her prima facie burden because obtaining a restraining order is not protected activity. Sereno-Morales responds that the type of activity that is protected from retaliation is construed broadly and includes any action reasonably believed necessary to protect oneself from unlawful discrimination. Here, Sereno-Morales argues that in showing the restraining order to supervisors at Cascade Food, she engaged in protected activity that should have triggered investigation of this claim, and that, at a minimum, Cascade Food had a duty to investigate her allegations and take steps to protect her from fear of sexual harassment

and assault whilst at work. As Sereno-Morales puts it, rather than take steps to protect her from a fellow employee that had beaten and raped her, Cascade Food informed her that she needed to withdraw her restraining order or lose her job.

The viability of this claim hinges on whether Sereno-Morales engaged in protected activity. Sereno-Morales asserts two bases upon which the court could find protected activity: obtaining the restraining order against Solis and reporting to her employer, by way of the restraining order, the allegations of physical abuse visited upon her by another employee.

In the Ninth Circuit, "[a]n employee's statement does not constitute protected activity, 'unless it refers to some practice by the employer that is allegedly unlawful.'" *Maxwell v. Kelly Servs.*, 730 F. Supp. 2d 1254, 1270 (D. Or. 2010) (quoting *EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir. 1983)). Here, Sereno-Morales did not complain of a practice or conduct of her employer which caused her employer to retaliate against her. Rather, she filed a restraining order against her boyfriend, also a coworker. She did not allege unlawful conduct on Cascade Food's part giving rise to this report, nor did she accuse Cascade Food of unlawful conduct at the time she presented the restraining order at her workplace. Cascade Food's subsequent reaction to her allegations against another employee, though unsavory, does not amount to retaliation for protected activity under ORS 659A.030.

Sereno-Morales cites *Fuller v. City of Oakland, California*, 47 F.3d 1522 (9th Cir. 1995), in support of this claim. In that case, the plaintiff alleged a hostile work environment and her employer's failure to meet its remedial obligations upon learning of the ongoing harassment. The court wrote that "[o]nce an employer knows or should know of harassment, a remedial obligation kicks in." *Id.* at 1528 (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir.

1994)). However, this statement was directed at the adequacy of an employer's response to allegations of workplace sexual harassment as a defense to a hostile work environment claim, and not a retaliation claim, and is thus not apposite here.

Although filing a restraining order may give rise to a claim for retaliation, it does not do so under the statute cited by Sereno-Morales. A retaliation claim under that statute, ORS 659A.030(1)(f), is premised on opposition to "any unlawful practice" or the act of "fil[ing] a complaint, testif[ying] or assist[ing] in any proceeding under this chapter" or attempting to do so. In other words, where an employee is acting to vindicate their right to be free from workplace discrimination, the employee may not be subject to an adverse employment action as a result of such efforts. Here, in obtaining a restraining order, Sereno-Morales sought to vindicate other rights, rights not contemplated by ORS 659A.030. Such claims are provided for under ORS 659A.230, which makes it unlawful to discriminate against an employee for initiating or aiding in a civil or criminal proceeding. Sereno-Morales has not alleged such a claim, however. To the extent that Cascade Foods is liable for conduct arising from its reaction to the restraining order, its liability is subsumed by the gender discrimination claim discussed above.

*Conclusion*

For the reasons stated, Cascade Food's motion for summary judgment is DENIED as to the gender discrimination claim and GRANTED as to the retaliation claim.

DATED this 12th day of May, 2011.

JOHN V. ACOSTA
United States Magistrate Judge